UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: **1:25cv11169**

Bunthoeun Chea,
        Petitioner

Vs.

Brian H. Gillen, Superintendent of the
Plymouth MA County Jail, et al,
        Respondents

### Petitioner's Response in Support of Maintaining the Habeas in Place

**Facts and Analysis**

Bunthoeun Chea (M DOB 04-Oct-1978) is a 46 year old man who **entered the United States as the 15 year old child** of a Fiancee. He adjusted and became a permanent resident. In **October 25, 1996, he was arrested, charged and convicted of** Possession with Intent in a school zone of **cocaine**. He served time and, according to his record, **his last criminal act, an OUI, was in 2006.** He has a **12 year old son**, Anderson Chea (M DOB 31-July-2012) who was **residing with him until his seizure by ICE on 29-April-2025.**

**On March 19, 2025, well before Chea's seizure by ICE,** he engaged a criminal attorney to **get his cocaine charge eliminated.** The **New Trial Motion has been filed** and the next event is on the **new trial motion being heard on hearing on 04-June-2025** in Lowell District Court. Given the surrounding facts, criminal **counsel expects favorable results.**

**Repatriation in the past has involved an interview with Cambodian officials who decide whether or not there will be repatriation.** In the past, there has been a **Memoranda of Understanding which mandated an Investigation by the Cambodian authorities and a decision whether or not to repatriate was, at least in part, determined on humanitarian grounds.** No revised MOU has been provided to the court. **We are skeptical that the process is as sure or short as represented by the ICE.**

Mr. Chea's **NTA was defective in that there was no date of hearing, thus no stop time**. From the record it is clear that Mr. Chea never had benefit of counsel for his Removal Hearing and that **at the time of the Removal Hearing Chea he was being held in the Plymouth County House of Correction**. The record **does not set out an relevant language interpreter for Mr. Chea**. It is counsel's opinion that once the **cocaine case is vacated, Mr. Chea will have a meritorious case for Cancellation of Removal under 8 USC 1229(b) [INA §240A]**.

## Conclusion

With the above background, supported by attached exhibits, we ask that this Honorable Court maintain jurisdiction and assure that Mr. Chea stays in Massachusetts to prosecute relief from removal.

Respectfully submitted,
Buntheoun Chea,
By his attorney

/s/ Thomas Stylianos, Jr

Thomas Stylianos, Jr. ( MA BBO #565941)
Law Office of Thomas Stylianos
287 Appleton Street # 205
Lowell MA 01852

Tel: 978-459-5000, Fax: 978-459-3079, Email: tom@stylianoslaw.com
Dated: 05/27/2025

## EXHIBITS
(attached)

| Tab | Page | Description |
|-----|------|-------------|
| A | 1 | NTA – note no date, note entry to US date |
|   | 2 | Immigration Court Scheduling Order – note delivery address for Chea |
|   | 4 | Removal Order |
|   | 6 | State Court Docket Sheet -- Massachusetts 9611 CR 9262 |
|   | 8 | On Line Docket Sheet – Showes date of hearing on New Trial Motion |
|   | 10 | Motion for a New Trial and Support Affidavit (from State Court Records) |

(last page 15)

A

U.S. Department of Justice  
Immigration and Naturalization Service

Notice to Appear

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No: A72 359 138

In the Matter of:

Respondent: CHEA, Bunthoeun                    Id#92486R; PED:09/16/98  
c/o Middlesex County HOC  
269 Treble Cove Road  
Billerica                                                MA      01821  
(Number, street, city, state and ZIP code)                                  (Area code and phone number)

☐ 1. You are an arriving alien.  
☐ 2. You are an alien present in the United States who has not been admitted or paroled.  
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1.) You are not a citizen or national of the United States;

2.) You are a native of Cambodia and a citizen of Cambodia;

3.) You were admitted to the United States at New York, New York on or about August 03, 1992 as a K-2;

4.) On June 04, 1993, your status was adjusted to conditional resident;

5.) You were, on December 06, 1996, convicted in the Lowell District Court at Lowell, Massachusetts for the offense of Possession Class B Cocaine with Intent to Distribute, in violation of Chapter 94C of the Massachusetts General Laws.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(B)(i) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(B) of the Act, to wit: illicit trafficking in a controlled substance (as described in section 102 of the Controlled Substances Act), including a drug trafficking crime (as defined in section 924(c) of title 18, U.S.C.)

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8 CFR 208.30(f)(2)    ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: EOIR, Room 320, John F. Kennedy Building, Government Center, Boston, MA  02203  
(Complete Address of Immigration Court, Including Room Number, if any)

on ___to be calendared___ at _____ to show why you should not be removed from the United States based on the  
   (Date)              (Time)  
charge(s) set forth above.

Assistant District Director for Investigations  
(Signature and Title of Issuing Officer)

Date: July 15, 1998                                         Boston, Massachusetts  
                                                             (City and State)

See reverse for important information

ORIGINAL

Form I-862 (Rev. 4-1-97)

```
              NOTICE OF HEARING IN REMOVAL PROCEEDINGS
                         IMMIGRATION COURT
                     JFK FEDERAL BLDG., ROOM 320
                        BOSTON, MA  02203-0002
```

RE:  CHEA, BUNTHOEUN
FILE:  A72-359-138                         DATE:  Mar 6, 2003

TO:          CHEA, BUNTHOEUN
             PLYMOUTH COUNTY JAIL
             PLYMOUTH, MA  02360

Please take notice that the above captioned case has been scheduled for a Master/Individual hearing before the Immigration Court on 3/20/03 at _____ at

@ 9AM

                     JFK FEDERAL BLDG., ROOM 320
                        BOSTON, MA  02203-0002

   You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.
   Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions:
   1) You may be taken into custody by the Immigration and Naturalization Service and held for further action.
   2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Immigration and Naturalization Service established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT BOSTON, MA THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.
   A List of Free Legal Service Providers has been given to you. For information regarding the status of your case, call toll free 1-800-898-7180 OR 703-305-1662.
GET



Alien Number: 72-359-138                    Alien Name: CHEA, BUNTHOEUN

### LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

(✓) 1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of ten (10) years after the date of entry of the final order of removal.

( ) 2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for a period of ten (10) years from the date of your scheduled hearing.

( ) 3. You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for ten (10) years from the date of the scheduled departure. Your Voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

**the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
3) Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.



This written notice was provided to the alien in English. Oral notice of the contents of this notice must be given to the alien in his/her native language, or in a language he/she understands by the Immigration Judge.
Date: Mar 6, 2003
Immigration Judge: _____ or Court Clerk: _____

---

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [M] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [✓] INS
DATE: __3/6/03__ BY: COURT STAFF _____
    Attachments: [✓] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
                                                                              V6

IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA 02203-0002

In the Matter of

Case No.: A72-359-138

CHEA, BUNTHOEUN
Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Mar 20, 2003. This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[X] The respondent was ordered removed from the United States to Cambodia. ~~or in the alternative to~~
[ ] Respondent's application for voluntary departure was denied and respondent was ordered removed to alternative to
[ ] Respondent's application for voluntary departure was granted until _____ upon posting a bond in the amount of $ _____ with an alternate order of removal to
[ ] Respondent's application for asylum was ( )granted ( )denied ( )withdrawn.
[ ] Respondent's application for withholding of removal was ( )granted ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal under section 240A(a) was ( )granted ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal was ( ) granted under section 240A(b)(1) ( ) granted under section 240A(b)(2) ( ) denied ( ) withdrawn. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA was ( )granted ( )denied ( )withdrawn or ( )other.
[ ] Respondent's application for adjustment of status under section _____ of the INA was ( )granted ( )denied ( )withdrawn. If granted, it was ordered that respondent be issued all appropriate documents necessary to give effect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper notice.
[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[ ] Other: _____

Date: Mar 20, 2003
Appeal: Waived/Reserved    Appeal Due By:

LEONARD I. SHAPIRO
Immigration Judge



RVG

ALIEN NUMBER: 72-359-138                ALIEN NAME: CHEA, BUNTHOEUN

---
CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] INS
DATE: _____ BY: COURT STAFF _____
    Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
---

Q6



# CRIMINAL DOCKET

**DOCKET NO.:** 9611 CR 9262
**ATTORNEY:** Randell

| COURT DIVISION | Lowell | Interpreter Required (language:) | | DATE & JUDGE | DOCKET ENTRY |
|---|---|---|---|---|---|

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT:**
Bunthoeua Chea
89 Andrews ST
Lowell, MA

**DATE & JUDGE:** 10-25-96 Melahn J

**DOCKET ENTRY:**
- ☐ Attorney appointed (SJC R. 3:10)
- ☐ Atty denied & Deft advised per 211D §2A
- ☐ Waiver of counsel found after colloquy
- Terms of release set: Committed
  - ☐ PR ☑ Bail 5,000 or 500 cash
  - ☐ Held (276 §58A)
  - ☐ See back for special conditions
- Arraigned and advised:
  - ☐ Potential of bail revocation (276 §58)
  - ☐ Right to bail review (276 §58)
  - ☑ Right to drug exam (111E §10)
- Advised of right to jury trial
  - ☐ Does not waive
  - ☐ Waiver of jury trial found after colloquy
- Advised of trial rights as pro se (Supp.R. 4)
- Advised of right of appeal to Appeals Ct (R. 28)

**DEFT. DOB AND SEX:** 10/4/78 M
**OFFENSE CODE(S):** 216, 802, 803a, 832
**DATE OF OFFENSE(S):** 10/25/96
**PLACE OF OFFENSE(S):** Lowell
**COMPLAINANT:** Charles Duarte
**POLICE DEPARTMENT:** Lowell
**DATE OF COMPLAINT:** 10/25/96
**RETURN DATE AND TIME:** Arrest

---

**COUNT-OFFENSE A. TRESPASS ON LAND, DWELLING, ETC. c266 s120**

**DISPOSITION DATE & JUDGE:** 12-6-96 Flynn
- Disposition Method: ☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
- Finding: ☑ Guilty
- Sentence: Sufficient facts found but continued without guilty finding until:
- File

**COUNT-OFFENSE B. POSS. CLASS B SUB. W/INT TO DISTRIB c94C s32A(c)**

**DISPOSITION DATE & JUDGE:** 12-6-96 Flynn
- Disposition Method: ☑ Guilty Plea or Admission to Sufficient Facts
- Finding: ☑ Guilty
- 2 yr H of C
- 60 Days not suspended
- Credit Time Serve
- DATE: 12/28/97

**COUNT-OFFENSE C. VIO. CONTR SUB ACT W/IN SCHOOL ZONE C94C S 32J**

**DISPOSITION DATE & JUDGE:** 12-6-96 Flynn
- ☑ Dismissed upon: ☑ Request of Comm.
- 5468B008 11/08/96 BAIL 500.00
- Conc of Ref
- 6

**COUNT-OFFENSE D. CONSPIRACY TO VIOLATE CONTR. SUB. LAWS c94C s4**

**DISPOSITION DATE & JUDGE:** 12-6-96 Flynn
- ☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
- Finding: ☑ Guilty
- File

---

6x2 DX 3-20-03

**COURT ADDRESS:** 41 Hurd St. Lowell, MA 01852

TRUE COPY ATTEST: X

jb

DC-CR 1 (12/95)

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|
| 1 | 11-20-96 | PTH | ☒ Held ☐ Cont'd | | | | |
| 2 | 12/6/96 | (?)S/ | ☒ Held ☐ Cont'd | | | | |
| 3 | 8-14-97 | VOP | ☒ Held ☐ Cont'd | | | | |
| 4 | | | ☐ Held ☐ Cont'd | | | | |
| 5 | | | ☐ Held ☐ Cont'd | | | | |
| 6 | | | ☐ Held ☐ Cont'd | | | | |
| 7 | | | ☐ Held ☐ Cont'd | | | | |
| 8 | | | ☐ Held ☐ Cont'd | | | | |
| 9 | | | ☐ Held ☐ Cont'd | | | | |
| 10 | | | ☐ Held ☐ Cont'd | | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance & jury election  T=Bench trial  J=Jury trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review  SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate  DFTA=Defendant failed to appear & was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

## OTHER DOCKET ENTRIES

| ENTRY DATE | |
|---|---|
| 5-15-97 | DEFAULT WARRANT / DO NOT BAIL |
| 5/16/97 | [signature] |
| 5-16-97 | Found in VOP |
| 8-14-97 | DEFAULT WARRANT — DO NOT BAIL — Committed HOC |
| 10-22-97 | Def. Rem. Cust (B) 10-22-97 — 22 months After Hearing found in V.O.P. (Walker, J.) |

(7)

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED & JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES & COMMENTS | WAIVED |
|---|---|---|---|---|
| | Legal Counsel Fee (211D §2A (2) | | | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI 520D Fee (90 §24D (9) | | | |
| | Victim/Witness Fee (258B §8) | | | |
| | [illegible] Fee (275 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ½) | | | |
| | Default Warrant Removal Fee (276 §30 ½) | | | |

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of the District Court of Lowell this 8 1 JULY day of [illegible] 19[illegible]

[signature]

CLERK-MAGISTRATE

# 9611CR009262 Commonwealth vs. Chea, Bunthoeun

- Case Type:
- Criminal
- Case Status:
- Open
- File Date
- 10/25/1996
- DCM Track:

- Initiating Action:
- TRESPASS c266 §120
- Status Date:
- 10/25/1996
- Case Judge:

- Next Event:
- 06/04/2025

| All Information | Party | Charge | Event | Docket | Disposition |

## Party Information

**Chea, Bunthoeun**
- Defendant

Alias | Party Attorney

More Party Information

**Duarte, Charles**
- Complainant

Alias | Party Attorney

More Party Information

## Party Charge Information

- **Chea, Bunthoeun**
- - Defendant
  **Charge # 1:**
  **266/120-0 - Misdemeanor - 100 days or less incarceration**    TRESPASS c266 §120
- Original Charge
- 266/120-0 TRESPASS c266 §120 (Misdemeanor - 100 days or less incarceration)
- Amended Charge

- **Chea, Bunthoeun**
- - Defendant
  **Charge # 2:**
  **94C/32A/G-1 - Felony**    DRUG, POSSESS TO DISTRIB CLASS B c94C §32A(a)
- Original Charge
- 94C/32A/G-1 DRUG, POSSESS TO DISTRIB CLASS B c94C §32A(a) (Felony)
- Amended Charge

- **Chea, Bunthoeun**
- - Defendant
  **Charge # 3:**
  **94C/32J-0 - Felony**    DRUG VIOLATION NEAR SCHOOL/PARK c94C §32J
- Original Charge
- 94C/32J-0 DRUG VIOLATION NEAR SCHOOL/PARK c94C §32J (Felony)
- Amended Charge

- **Chea, Bunthoeun**
- - Defendant
  **Charge # 4:**
  **94C/40-0 - Felony**    CONSPIRACY TO VIOLATE DRUG LAW c94C §40

*[Handwritten: Next Part 1 on Next Page, circled 8]*

- Original Charge
- 94C/40-0 CONSPIRACY TO VIOLATE DRUG LAW c94C §40 (Felony)
- Amended Charge

### Events

| Date | Session | Location | Type | Result |
|---|---|---|---|---|
| 06/04/2025 09:00 AM | Administrative Session | | Motion Hearing (CR) | |

### Docket Information

| Docket Date | Docket Text | Image Avail. |
|---|---|---|
| 10/25/1996 | Complaint file. Converted Case from WMS | |
| 05/20/2025 | Defendant's motion for New Trial filed with the following, if any, supporting documents: | Image |

### Case Disposition

| Disposition | Date |
|---|---|
| Pending | 10/25/1996 |



6/4/25

## COMMONWEALTH OF MASSACHUSETT

MIDDLESEX, SS.                                              LOWELL DISTRICT COURT
                                                            # 9611 CR 9262


### COMMONWEALTH

### V.

### BUNTHOEUA CHEA


### MOTION FOR A NEW TRAIL IN THE INTEREST OF JUSTICE UNDER M.R.Crim. P 30(b)

Now here comes the defendant in the above captioned matter who pursuant to M.R.Crim.P.30(b) moves this Honorable Court to vacate his conviction in the above captioned matter in the interest of justice.


### REQUEST FOR FINDING OF FACTS

1. On 10?25/96 Mr. Chea and Chantha Choun were arrested together. Both were charged with Possession with intent to distribute class B, violating the controlled substance act in a school zone and conspiracy to violate the controlled substance act.

2. On advice of Counsel Mr. Chea Plead guilty and a two-year house of correction sentence. 60 days to serve.   After a violation of probation, he committed to the remaining 22 months

3. MR. Chea knew at the time of his plea was not a class B substance.

4. Mr. Cheas counsel failed to obtain a drug certification prior to Mr. Chea's plea.

5. Mr. Chea was 17 years of age at the time of his arrest

6. Mr. Chea's understanding of English was limited

7. No interpreter was used during Mr. Cheas case

8.Mr. Chea was not informed that the Guilty finding could or would lead to his deportation



8. Mr. Chea's codefendant Chantha Choun, who plead guilty a month latter had his charged reduced to selling a counterfeit substance.

9. Mr. Chea is currently in I.C.E. custody awaiting deportation.

## LAW

A defendant is entitled to representation that does not fall should of the performance expected of a reasonably competent attorney. *Strickland v. Washington, 104 S.Ct 2025 (1984) Commonwealth v. Watt, 493 Mass. 322 (2024)* The test is a two-part test, One, was the counsel's performance deficient, two, was the defendant prejudiced. *Strickland v. Washington, 104 S.Ct 2025 (1984)*

The United States Supreme Court has held that "We agree with Padilla that constitutionally competent counsel would have advised hem that his conviction for drug distribution made him subject to automatic deportation". *Padilla v. Kentucky U.S.356, 360 (2010)*

## ARGUMENT

Mr. Chea should not have been convicted. He is factually innocent of the charges he was convicted of. Counsel was ineffective because he failed to obtain the drug certification or consult with his client to determine if the case was defendable. The Sixth Amendment of the United States Constitution imposes a duty to investigate. *Strickland v. Washington*, 104 S.Ct 2025 (1984). In the case at bar Counsel failed to obtain and review the drug certification. If he had done so Mr. Chea could not have been convicted as charged.

Counsel also has an obligation to have informed Mr. Chea of the immigration consequences of a plea to a drug destitution charge.". *Padilla v. Kentucky U.S.356, 360 (2010)* There is no evidence that Mr. Chea was warned of the immigration consequences of pleading guilty to a drug distribution case and it is unlikely he would have been as such warnings were not commonly given prior to Padilla v. Kentucky. *U.S.356, 360 (2010)* The warning is required for anyone whose conviction was finale after April 24, 1996. *Commonwealth v. Mercado 474 Mass. 80, 81-82 (2016).*

Of course, the most serious reason, to allow Mr. Chea a new trail is that he was in fact not guilty as charged. The substance he attempted to sell was not a class B or any other class of



prohibited substance. A person can only be convicted, only if each element is proven. *See Commonwealth v. Moreira, 385 Mass792 (1982)*

## CONCLUSION

For the above stated reasons, the Defendant's motion for a new trail should be allowed.

BY his Attorney,

*Larry Colby*

---

Larry Colby Esq.
Box 7420
Lowell. MA 01852
(978) 446-9511



**Certificate of service**

I Larry Colby State that the attached document was served in hand on the Commonwealth on May 2025.

*Larry Colby*

---

Larry Colby Esq.

# Affidavit of Bunthoeun Chea

Now Comes Bunthoeun Chea and states and swears as follows:

1. My name is Bunthoeun Chea; I was born on 4-OCT-1978 BC in Cambodia; I entered the United States with my mother on 3-Aug-1992; I became a Permanent Resident on 4-Jun-1993; BC my permanent address is ~~10 Walnut~~ 14 11 Bridge St., BC Dracut, ~~Lowell~~ MA, however, I am currently detained at the Plymouth County Jail at 26 Long Pond ~~Drive~~ Road BC, Plymouth MA.

2. In ~~late~~ STR BC 1996, I was arrested and accused of selling cocaine in a school zone. I had ~~just~~ Not yet ~~turned~~ BC 18 and, in spite of ~~not~~ me believing I was guilty, my lawyer advised me to plead guilty because if I went to trial, I would get a much bigger sentence. I ~~plead~~ guilty.

3. I did not get along well in jail and got in fights and was found guilty.

4. When I was arrested and charged with the Cocain, I had a friend who was arrested and charged with me. His name is Chantha Chhoun. I have since found out that my codefendant got a much different sentence based on the drugs being fake.

5. At the time I plead guilty, I believed the drugs were fake, but I was scared. I think it was unfair for me to be convicted of drugs and my friend get off with a fine. The government should have gotten the drugs tested. I think I was deprived of my rights.

6. When I went to court, I remember having an attorney, but I had no interprete at all. I had much less English at that time. I was never told by my attorney that me pleading guilty would

effect my Immigration Status.

7. At the time of my guilty plea, I did not know that my guilty plea would cause me to be ordered deported.

8. Had I known, or had been advised of the immigration consequences, I would have gone to trial and the drugs would have been found to be fake.

Signed under the pains and penalties of perjury.

*[signature]*

Bunthoeun Cheq                     5/03/25
                                    Date

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document including exhibits was served electronically via the *CM/ECF* notification system on those registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: 05/27/2025                                         */s/ Thomas Stylianos, Jr.*
                                                          Thomas Stylianos, Jr.