UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BUNTHOEUN CHEA, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil No. 25-11169-LTS |
| BRIAN H. GILLEN et al., | ) | |
| Respondents. | ) | |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DOC. NO. 1)

June 26, 2025

SOROKIN, J.

Bunthoeun Chea is a citizen of Cambodia who was admitted to the United States in 1992 on a nonimmigrant visa, as the minor child of a United States citizen's fiancée. Doc. No. 13 at 4.[1] About a year later, Chea became a conditional permanent resident. Id. He was convicted of a felony drug offense in Lowell District Court in 1996, when he was eighteen years old, and the conviction triggered immigration consequences. Id. A final order of removal entered in March 2003. Doc. No. 10-1 at 2. When his removal could not be effected in the months that followed, Immigration and Customs Enforcement ("ICE") released Chea from detention on conditions of supervision in October 2003. Id. Since then, Chea has lived and worked in the United States. The record reflects only one other contact with the criminal-justice system: a drunk-driving offense in 2006. Doc. No. 1 at 1-2. He resides in Massachusetts and has plans to marry a United States citizen with whom he and his thirteen-year-old son (also a United States citizen) live.

---

[1] Citations to "Doc. No. __ at __" reference items on the Court's electronic docket using the document and page numbering that appear in the ECF header.

Despite having accrued nearly twenty years as a law-abiding and productive member of society with ties to his Massachusetts community, Chea's removal order remained in effect and, on April 29, 2025, led ICE agents to revoke his supervision and take him into custody. Doc. No. 10-1 at 2-3. This decision did not arise because of any new criminal activity or other misconduct on the part of Chea; rather, it resulted from ICE's belief that there was "a significant likelihood of" securing the necessary travel documents from Cambodia and effecting Chea's "removal in the reasonably foreseeable future." Id.

Chea promptly challenged his detention by filing the habeas petition now pending before this Court pursuant to 28 U.S.C. § 2241. Doc. No. 1. The petition asks the Court to order Chea's release from custody. The respondents answered the petition and opposed his request for release, arguing ICE acted within its authority in revoking his supervision and taking steps to effectuate the removal order. See generally Doc. No. 10. The respondents cited 8 U.S.C. § 1231(a)(6) as the statutory basis for Chea's detention pending removal, despite the expiration of the ninety-day removal period decades ago. Id. at 5-6. They also pointed to a regulation that permits ICE to revoke release in cases like this "and return" a person like Chea "to custody if, on account of changed circumstances," ICE "determines that there is a significant likelihood" of removing the person "in the reasonably foreseeable future." Id. at 6 (quoting 8 C.F.R. § 241.13(i)(2)). The respondents supported their answer with a declaration attesting that ICE generally receives travel documents necessary to effectuate removals to Cambodia "within approximately thirty (30) days" of requesting such documents from that nation's government. Doc. No. 10-1 at 3. ICE requested travel documents for Chea on May 13, 2025. Id.

After the Court directed the respondents to provide additional information concerning the basis for ICE's determination that Chea's removal was reasonably foreseeable, Doc. No. 11, they

2

responded with a supplemental declaration from the same ICE representative attesting that twenty noncitizens were removed to Cambodia in 2024, and twenty-six have been removed there so far this year.[2]  Doc. No. 12-1 at 4.  The Court's review of the statutes and regulations invoked by the respondents, along with the facts established by their declarations and those described in Chea's petition, led it to the preliminary conclusion that, contrary to Chea's assertion, ICE's decision to detain him on April 29, 2025, was not unlawful.  How long his detention could lawfully continue, however, depended on whether the circumstances presented continued to support a belief that there was "a significant likelihood" of effecting Chea's removal to Cambodia "in the reasonably foreseeable future."  8 C.F.R. § 241.13(i)(2); accord Zadvydas v. Davis, 533 U.S. 678, 701 (2001).  Thus, the Court directed the parties to provide an update on the status of efforts to remove Chea on June 18, 2025—more than thirty days after ICE had requested the travel documents.

The parties jointly requested, and the Court granted, a one-week extension of the status-report deadline, as relevant circumstances were in flux.  See Doc. Nos. 15, 16.  On June 25, 2025, the parties filed a joint status report.  The respondents informed the Court that ICE has received no travel documents, nor any response at all, from Cambodia despite having "resubmitted" its request on June 5, 2025.  Doc. No. 17 at 2.  They candidly acknowledge Chea's removal has not been scheduled, and that they can provide no further "update regarding the anticipated timing of [his] removal."  Id.  The status report does not explain whether second

---

[2] The Court notes that the limited information ICE provided in its declarations left unexplained the relationship between the general process it briefly described and Chea's specific case.  Of course, the regulation under which ICE detained Chea permits it to act only when "there is a significant likelihood" of removing the person at issue in the "reasonably foreseeable future."  8 C.F.R. § 241.13(i)(2).  This assessment depends on the individual case at issue.  The choice of what information to disclose in support of ICE's action is for the respondents, but the Court's rulings are necessarily made based upon the record the parties have produced.

requests for travel documents are typical, identify any reason why such a request might have been necessary in this case, describe any resistance by Chea to cooperating with efforts to obtain travel documents, or otherwise explain why the typical thirty-day process the respondents previously described under oath has not occurred here.

For his part, Chea alerted the Court to recent state-court orders vacating the 1996 conviction that was the sole basis for his removal order and dismissing the underlying criminal charges. Id. at 1. Chea's lawyer is now preparing a motion to be filed in Immigration Court seeking to reopen and terminate his removal proceedings, a request he anticipates will result in the elimination of Chea's order of removal and the reinstatement of his conditional-permanent-resident status. Id. at 2. The respondents neither disputed nor supplemented Chea's description of these events, their likely effects, or the documents attached to the status report supporting them—except to confirm that no motion had been filed in Immigration Court yet as of the date of the status report. The Court has carefully considered all submissions by both parties.

In Zadvydas, the Supreme Court "recognize[d]" that six months is a "presumptively reasonable" period of time to detain an individual subject to a final order of removal, in order to effectuate his or her removal. 533 U.S. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. Moreover, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. Although the government is not required to release all individuals subject to removal at the expiration of six months, detention must end when "it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Here, Chea already was detained for the six-month period contemplated by Zadvydas—from March to October 2003, at which time ICE released him after apparently determining that his removal was not then reasonably foreseeable. His present period of detention—now approaching two months—cannot be evaluated in a vacuum. It is constitutionally permissible only when, and for so long as, the circumstances support a reasonable belief by the government that there is a "significant likelihood of removal in the reasonably foreseeable future." Id.; accord 8 C.F.R. § 241.13(i)(2).

Based on the record, and primarily focusing on ICE's own statements concerning the status of efforts to remove Chea, this Court is satisfied that there is "good reason to believe that" Chea's removal to Cambodia is not reasonably foreseeable. ICE expected to obtain Chea's travel documents two weeks ago, and it even reiterated its request in the meantime, thereby underscoring its desire for such documents. Nevertheless, ICE has not received the necessary paperwork—nor, apparently, any other communication from Cambodia regarding this matter. Indeed, it can provide, and has provided, no information to the Court illuminating when it expects to be able to proceed with Chea's removal or otherwise supporting a credible belief that the removal is substantially likely to occur anytime soon. These circumstances lead the Court to conclude that Chea's detention, though perhaps lawful when it began, cannot constitutionally continue.[3]

Accordingly, Chea's petition (Doc. No. 1) is ALLOWED. **ICE shall RELEASE Chea from detention by 3:00 PM tomorrow, June 27, 2025**, subject to whatever reasonable

---

[3] The Court reaches this conclusion on the respondents' evidence alone, setting aside the events that have unfolded with respect to Chea's only criminal conviction supporting the removal order. It notes, however, that the respondents' failure to contest Chea's showing in that regard or to dispute his stated expectation that Chea's removal order will be vacated provide additional cause to question the likelihood that removal will occur in the reasonably foreseeable future.

conditions of supervision it deems necessary to ensure his availability for and cooperation with any continued efforts to effectuate his removal.

                                              SO ORDERED.

                                        /s/ Leo T. Sorokin
                                        United States District Judge